**David Edward POSIVAL,**
**Petitioner–Appellant,**

v.

**Warden Joe D. DRIVER, Respondent–**
**Appellee.**

**No. 06–40191**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 24, 2006.

David Edward Posival, Three Rivers, TX, pro se.

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM: *

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

David Edward Posival, federal prisoner # 34233–079, appeals from the denial of his 28 U.S.C. § 2241 petition, in which he challenged his conviction for being a felon in possession of a firearm. The district court determined that Posival's claims would be properly raised in a 28 U.S.C. § 2255 motion but that construing the petition under § 2255 would render it successive and unauthorized. The district court also held that Posival could not proceed under § 2255's savings clause.

Posival argues that the evidence was insufficient for a sentencing enhancement based on a stolen firearm and that he should be allowed to proceed under § 2255's savings clause based on *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). He also asserts that *Booker* and *Blakely* constitute an intervening change in the law, that his trial and appellate counsel rendered ineffective assistance, and that he is actually innocent. The district court properly determined that Posival's claims should be raised in a § 2255 motion and that such a motion would now be successive. *See Tolliver v. Dobre,* 211 F.3d 876, 877–78 (5th Cir.2000); *United States v. Orozco–Ramirez,* 211 F.3d 862, 867 (5th Cir.2000). Posival's argument that he should be permitted to proceed under the savings clause is unavailing in light of this court's decision in *Padilla v. United States,* 416 F.3d 424, 426–27 (5th Cir.2005).

AFFIRMED.